## THE YAMOIDEN.[1]

### SPICER et al. v. THE YAMOIDEN.

*(District Court, E. D. Pennsylvania. February 2, 1892.)*

1. SEAMEN—"DISRATING" BY MASTER—EVIDENCE.
    The "disrating" of certain seamen by the master was sustained by his testimony and the mate's, but was contradicted by the testimony of each seaman disrated, as regards himself, but not as regards the other seamen. The appearance of the seamen did not impress the court favorably. *Held*, the disrating would be accepted by the court in computing the wages due.
2. CHARGES AGAINST STEWARD—BREAKAGE.
    A charge for "breakage" against a vessel's steward is unusual, and will not be allowed.

In Admiralty. Libel by Henry Spicer, Peter Peterson, Paul Hanson, George Peterson, and George Henry against the bark Yamoiden, to recover wages. Decree for libelants.

*Alfred Driver*, for libelants.

*John A. Toomey*, for respondents.

BUTLER, District Judge. It is difficult to reach a satisfactory conclusion from the evidence presented. If the libelants' offer to submit the controversy for settlement to the shipping commissioner had been accepted, the chances of reaching a just result would have been increased. With

---

[1] Reported by Mark Wilks Collet, Esq., of the Philadelphia bar.

the parties before him, in person, that officer would have had a better opportunity of getting at the truth than the court (with depositions alone to look to) can have.

While I feel reluctant to accept the master's "disrating" of some of the men, the evidence does not seem to justify a disregard of it. His testimony and the mate's sustain it, and while each of the libelants contradicts this testimony so far as respects himself, they do not testify for each other to a material extent; and what I saw of these men at the trial of their prosecutions against the master, did not impress me favorably. The settlement must be based therefore on the rates which the master has fixed—as shown by the log and his testimony.

The charge against Henry, the steward, of $10 for breakage, should not be allowed. Such charges are unusual; and if he assented to it as the master testifies, it was in view of the prospect of an immediate settlement—which he could only obtain by assenting to the master's terms.

The other items of charge against him, as well as those against his co-libelants, must be allowed. The account kept by the master is more reliable than their memories.

A decree will be entered in favor of the libelants as follows: For Spicer $121.92; for Peter Peterson $96.55; for Hanson $39.95; for George Peterson $48.59; for Henry $264.06; whereof $24 for the use of Thompson—to whom he gave an order which the master accepted for that amount—this sum of $24 to be paid to Thompson or to Henry on presentation of the order. Respondent to pay the costs. The $25 charged for advancement to each libelant, on shipment, I understand to be abandoned; if it is not, it is disallowed. It was not paid, and should not have been charged.